**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID OLIVER ALLEN, | No. C 07-2434 MJJ (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| W. COCKE, et al., | **(Docket Nos. 3 & 5)** |
| Defendants. | |

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants, officers of the Berkeley Police Department, effectuated an unlawful arrest, in violation of his constitutional rights. This arrest took place in 1996, and led to his conviction in state court and present incarceration.[1] He seeks money damages.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

---

[1] Plaintiff's habeas petition challenging this conviction has been denied.

N:\MJJ\Week of 7.30.07\allen.hck.wpd

be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

In order to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff alleging a violation of § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). A civil claim based upon a conviction or sentence that has not been so invalidated is not cognizable under § 1983. See id. at 487.

Plaintiff's claims that defendants violated his federal rights in connection with his arrest in 1996, which led to his conviction and present incarceration. The Ninth Circuit has held that Heck generally bars claims challenging the validity of an arrest, prosecution or conviction. See Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (Heck barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (Heck barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him); cf. Wallace v. Kato, 127 S. Ct. 1091, 1097-98 (2007) (limiting the delayed accrual of claims of false arrest to cases in which there is an extant conviction at the time the federal case is filed). If proven true, plaintiff's claims of false arrest and conspiracy would call into question the validity of his state court conviction. Accordingly, this action is barred until plaintiff's conviction has been reversed, expunged, set aside or otherwise called into question.

For the foregoing reasons, this action is hereby DISMISSED without prejudice. In light of this dismissal, the motion to proceed in forma pauperis is DENIED, and no filing fee is due. The application to proceed in forma pauperis on appeal is DENIED as any appeal would not be taken in good faith.

1   This order terminates docket numbers 3 & 5.
2   IT IS SO ORDERED.
3   DATED:    7/25/2007

_____
MARTIN J. JENKINS
United States District Judge

N:\MJJ\Week of 7.30.07\allen.hck.wpd          3